UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JUN -8  A 10: 05

| | | |
|---|---|---|
| Lamont Alvin McElveen, #99987-071, | ) | C/A No. 9:07-1450-TLW-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Alberto Gonzalez, U.S. Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Lamont Alvin McElveen, files this action seeking § 2241 habeas corpus relief.[1] Petitioner is a federal prisoner at the U.S. Penitentiary – Lee in Jonesville, Virginia, serving a life sentence imposed by this District Court of South Carolina. *See USA v. McElveen*, 4:03-cr-473-TLW. This habeas petition attacks the legality and constitutionality of several statutes, including this Court's jurisdiction over offenses against United States laws. The petitioner seeks release from custody because his conviction and sentence are allegedly void. The petition in this case should be dismissed because this Court lacks jurisdiction to consider it and because it is successive and duplicative of his other *pending* habeas actions filed in this District Court.

### *Pro Se* Petitioner



Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition. The review was conducted pursuant to the Rules Governing Section 2254 Cases,[2] and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] Rule 1(b) of the Rules Governing Section 2254 Cases allow for the application of the rules to a habeas corpus petition filed under 28 U.S.C. § 2241.

thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, No. 06-7317, — S.Ct. —, 2007 WL 1582936 at *4 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim which can be addressed by the court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

Background

On January 13, 2004, a jury found the petitioner guilty of violating certain sections of 21 U.S.C. § 841, conspiracy to distribute cocaine, and this Court sentenced him to life on March 29, 2004. The petitioner filed a direct appeal to the Fourth Circuit Court of Appeals which affirmed this District Court on June 6, 2005. *See USA v. McElveen*, 4:03-cr-473-TLW. The petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, and that motion is pending before this District Court. *See* Docket Entry 52 in 4:03-cr-473-TLW, related to 4:06-cv-70003-TLW. Thereafter, in this District Court the petitioner filed a separate habeas action pursuant to 28 U.S.C. § 2241 which attacks the same conviction and sentence. *See McElveen v. Gonzalez*, 9:07-cv-00011-TLW-GCK. Although the undersigned has recommended that the § 2241 action, 9:07-cv-00011-TLW-GCK, be dismissed without prejudice for lack of jurisdiction, as of today that action is still pending. On May 24, 2007, the petitioner filed this second § 2241 action and paid the filing fee.

2

Discussion

I. Lack of Jurisdiction Over the Petitioner's Custodian.

Petitioner is a federal prisoner incarcerated at United States Penitentiary – Lee in Jonesville, Virginia, filing for habeas relief in this Court. The United States Supreme Court stated "in habeas challenges to present physical confinement - 'core challenges'- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The warden of the United States Penitentiary in Jonesville, Virginia, where Petitioner is being held, is the proper respondent in this case. The *Padilla* court states "[w]e summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Just as in the *Padilla* case, this petitioner has not named the appropriate respondent. However, even if petitioner corrected this flaw in the petition, the case should be dismissed.



A court issuing a writ of habeas corpus must have jurisdiction over the respondent, the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). As the *Padilla* court directs, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. at 442, (quoting 28 U.S.C. § 2241(a)). The district of confinement is the sole district having jurisdiction "for core habeas petitions challenging present physical confinement." *Id.* at 443. The petition, among other relief, requests "immediate release from any restraints and/or conditions set out in the Judgement and Commitment Order which

3

may include petitioner's confinement within the Bureau of Prisons...." (Pet. at 2). Petitioner is challenging his current physical confinement, and, therefore, must file his habeas action in the district court having jurisdiction over the warden of the United States Penitentiary in Jonesville, Virginia. This Court does not have jurisdiction over petitioner's custodian; therefore, this case should be dismissed without prejudice for lack of jurisdiction.

II. A Successive § 2255 or Duplicative § 2241.

Although the petitioner entitled this action a § 2241 habeas request, this Court could construe his petition as a § 2255 motion to vacate his conviction and sentence. *See Manigault v. Lamanna*, 2006 WL 1328780 at 4, fn.4 (D.S.C. 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction'"). He requests that this Court enter an order finding that multiple constitutional violations occurred during the criminal proceedings before this Court and hold that as a result the conviction and sentence are void. (Pet. at 1). In 4:06-cv-70003-TLW, the petitioner is currently litigating before this Court a motion to vacate pursuant to 28 U.S.C. § 2255 wherein he raises two issues that he similarly raises in this action – his trial counsel was constitutionally ineffective and 18 U.S.C. § 3231 was not properly enacted by Congress which renders this District Court's jurisdiction over his alleged crime void.

The United States Congress determined that a second, successive § 2255 action cannot be brought unless a panel of a court of appeals grants permission. *See* 28 U.S.C. § 2255. In this case, where a prior § 2255 is pending, to the extent this action could be deemed a successive § 2255, it has not been authorized by the Fourth Circuit Court of Appeals so it should be summarily dismissed.

Furthermore, a federal prisoner cannot bring a § 2241 to vacate his conviction unless it appears that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255. This "savings clause" provision does not apply to petitioner because his currently pending § 2255 motion is an adequate and effective avenue to test the legality of his detention. Petitioner has a full opportunity to litigate his claims within the appropriate confines of applicable court procedures in Civil Action No. 4:06-70003-TLW.

Even if this action is construed to be solely a § 2241, as opposed to a § 2255, the petitioner has a pending § 2241 action before this District Court. A review of his pending § 2241, 9:07-cv-11-TLW-GCK, reveals that he similarly argues that 18 U.S.C. § 3231 was not properly enacted by Congress which renders this District Court's jurisdiction over his alleged crime void. This Court will not entertain another similar § 2241 habeas action which contains several identical issues filed by the same individual against the same party, especially while the prior § 2241 is still pending. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Accordingly, this Court should dismiss this action without prejudice because it is duplicative of 9:07-cv-11-TLW-GCK, a prior filed § 2241.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

June ____, 2007
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).